IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUSTIN MICHAEL TRUCKEY,

                                                                 ORDER

                Plaintiff,

                                                     10-cv-414-bbc

      v.

JANEL NICKEL, DYLON RADTKE,
PATRICK BRANT, YANA ZANON,
THOMAS TIMM and CHERIE BERRETT,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On January 11, 2011 judgment was entered in favor of defendants dismissing this case in its entirety. Specifically, I granted the motion for summary judgment filed by defendants Janel Nickel, Dylon Radtke. Patrick Brant, Yana Zanon, Thomas Timm and Cherie Berrett dismissing without prejudice the following claims for plaintiff's failure to exhaust his administrative remedies: (a) defendants Timm and Berrett failed to prevent another prisoner from sexually assaulting plaintiff in 2009 and 2010, in violation of the Eighth Amendment; and (b) defendant Janel Nickel is subjecting plaintiff to a substantial risk of serious harm by housing him near the prisoner who sexually assaulted him, in violation of the Eighth Amendment. Also, I dismissed with prejudice for plaintiff's failure to state a claim upon

1

which relief may be granted the following claims: (a) defendants Brant and Zanon issued a conduct report to plaintiff after he complained about the sexual assault, in violation of the First Amendment and Eighth Amendment; and (b) defendant Radtke found plaintiff guilty of lying and engaging in sexual conduct, in violation of the First Amendment, the Eighth Amendment and the due process clause. Now plaintiff has filed a notice of appeal.

Because plaintiff has not paid the $455 fee for filing an appeal, I construe his notice as including a request for leave to proceed on appeal in forma pauperis.

Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

2

Accordingly, IT IS ORDERED that plaintiff may have until February 18, 2011 in which to submit a certified copy of his trust fund account statement for the six-month period from approximately July 21, 2010 to approximately January 21, 2011. If, by February 18, 2011, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 31st day of January, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge